# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN STARKS

**DEFENDANTS**
COLOPLAST CORP.

**(b)** County of Residence of First Listed Plaintiff  PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JERRY LYONS, ESQUIRE
JOSEPH CHAIKEN & ASSOCIATES, P.C.
1800 JOHN F. KENNEDY BLVD., 14TH FLOOR
PHILADELPHIA, PA 19103

Attorneys *(If Known)*
JOSEPH N. BONGIOVANNI, IV, ESQUIRE
MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY
1800 JOHN F. KENNEDY BLVD., STE 1900
PHILADELPHIA, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
Another District
*(specify)*

☐ 6 Multidistrict
Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. & 1332, ET REC.

Brief description of cause:
DIVERSITY OF CITIZENSHIP & AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL MINIMUM.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE  ARNOLD L. NEW

DOCKET NUMBER  130503765

DATE  7/2/13

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: John Starks, 6117 W. Oxford, Philadelphia, PA 19151

Address of Defendant: Coloplast Corp., 1601 West River Road North, Minneapolis, MN 55411

Place of Accident, Incident or Transaction: PHILADELPHIA, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☐

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒X
*RELATED CASE, IF ANY:*
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐ No☒X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐ No☒X

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒X Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Joseph N. Bongiovanni, IV , counsel of record do hereby certify:   +

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 7/2/13 _____   _____   87848 _____
                                Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                          Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JOHN STARKS | : | CIVIL ACTION |
| v. | : | |
| COLOPLAST CORP. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X)

| | | |
|---|---|---|
| 7/2/13 | Joseph N. Bongiovani, IV | COLOPLAST CORP. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-564-6688 | 215-564-2526 | JBONGIOVANNI@moodklaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C.

www.moodklaw.com

*PHILADELPHIA OFFICE*
*Suite 1900*
*1800 John F. Kennedy Boulevard*
*Philadelphia, PA 19103*
*(215) 564-6688 Fax: (215) 564-2526*

*Joseph N. Bongiovanni IV*
Member NJ & PA Bars
jbongiovanni@moodklaw.com

July 2, 2013

**VIA PERSONAL SERVICE**
U.S. District Court, Eastern District of PA
Clerk's Office
601 Market St, Suite 2609
Philadelphia, PA 19106
***Attn: Steve***

RE:   **John Starks v. Coloplast Corp.**
      **PCCP May Term 2013, No. 03765**
      **Claim No.: LB231**
      **Our File No.: 447-95861**

Dear Sir/Madame:

   Enclosed please find our check in the amount of $400.00 for the filing fee of the Notice of Removal in reference to the above matter.

   If you have any questions or concerns please contact the undersigned.

                    Very truly yours,

                    **MARKS, O'NEILL, O'BRIEN,**
                    **DOHERTY & KELLY, P.C.**

                    Joseph N. Bongiovanni, IV, Esquire

JNB/APW
Enclosure(s)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN STARKS <br> v. <br> COLOPLAST CORPORATION | CIVIL ACTION <br><br> NO. |

### NOTICE OF FILING OF A NOTICE OF REMOVAL
### TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN
### DISTRICT OF PENNSYLVANIA

TO:
Jerry Lyons, Esquire
Joseph Chaiken & Associates, P.C.
1800 JFK Blvd, 14th Floor
Philadelphia, PA 19103

**PLEASE TAKE NOTICE** that Defendant, Coloplast Corporation, in the matter of John

Starks v. Coloplast Corporation, originally pending in the Court of Common Pleas in the County of

Philadelphia, Pennsylvania, under May Term 2013, No. 3765, file in the United States District

Court for the Eastern District of Pennsylvania a Notice of Removal of said case to the Eastern

District of Pennsylvania.  A copy of the Notice of Removal is attached hereto and served herewith.

MARKS, O'NEILL, O'BRIEN
DOHERTY & KELLY, P.C.

Joseph N. Bongiovanni, IV, Esquire
Attorney for Defendant,
Coloplast Corporation
Attorney I.D. No. 87848
1800 John F. Kennedy Boulevard, Suite 1900
Philadelphia, Pa. 19103
215-564-6688

{PH662481.1}

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN STARKS | CIVIL ACTION |
| v. | |
| COLOPLAST CORPORATION | NO. |

## NOTICE OF REMOVAL

**AND NOW**, Defendant, Coloplast Corporation (hereinafter "Coloplast"), by and through its attorneys, Marks O'Neill O'Brien, Doherty & Kelly, P.C., hereby remove the above-captioned case to this Honorable Court and provide notice of same to counsel representing the Plaintiff.  In support of the removal, Defendant avers as follows:

1.      On or about May 31, 2013, Plaintiff commenced this Action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, which is listed as John Starks v. Coloplast Corporation, May Term 2013, No. 3765.  See a true and correct copy of Plaintiffs' Complaint, attached hereto as Exhibit "A."

2.      Plaintiffs filed an Affidavit of Service indicating Defendant, Coloplast Corporation, was served with the Complaint by certified mail on June 4, 2013. See a true and correct copy of the correspondence received by Coloplast on June 4, 2013, attached hereto as Exhibit "B."

3.      Plaintiff, John Starks, is a citizen of the Commonwealth of Pennsylvania who currently reside at 6117 W. Oxford Street, Philadelphia, PA 19151.  See Exhibit "A" at ¶ 1.

4.      Defendant Coloplast is a corporation organized under the laws of Minnesota.

5.      Coloplast is not a Pennsylvania corporation.

{PH662481.1}

6.     Per Plaintiff's Complaint, Coloplast's address is 1601 West River Road North, Minneapolis, MN 55411.  See Exhibit "A".

7.     Plaintiff's Complaint does not aver that Coloplast is a Pennsylvania corporation organized and existing under the laws of the Commonwealth of Pennsylvania.  See Exhibit "A."

8.     Coloplast does not have its principal place of business in the Commonwealth of Pennsylvania.

9.     Plaintiff seeks damages sustained as a result of the alleged negligence, strict products liability, breach of contract and breach of warranties by Defendant, Coloplast.  See Exhibit "A".

10.     Plaintiff, John Starks, alleges serious physical injuries, which may be or are permanent in nature, including, but not limited to additional surgery to remove the implant and have a new one implanted; additional scar tissue; pain and suffering; loss of the pleasures of life, including but not limited to his sexual life; embarrassment and humiliation; medical bills; post-surgical pain; and impairments of body functions.  See Exhibit "A" at ¶ 10.

11.     The *ad damnnum* clause of Plaintiff, John Starks's Counts of the Complaint demands judgment against the Defendants in an amount in excess of $75,000.00.  See Exhibit "A".

12.     Plaintiff, John Starks, alleges that Defendant breached the contract and failed to replace the defective Coloplast penile implant and as a result Plaintiff incurred charges, costs, deductibles, medical bills and lost the benefit of his bargain.  See Exhibit "A" at ¶¶31-32.

13.     Plaintiff's Complaint alleges that Plaintiff has set forth a claim in which amounts in excess of the jurisdictional limit of $75,000.00, exclusive of interests and costs, may be at stake.

14.    Pursuant to 28 U.S.C. § 1332(a)(1), this Honorable Court has original jurisdiction over this civil action due to diversity of citizenship between the parties and an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

15.    Defendant is entitled to removal pursuant to 28 U.S.C. § 1441(a) as diversity of citizenship existed at the time the instant action sought to be removed was commenced and it continues through the time of filing of this notice.

16.    At this time, Coloplast is the only Defendant in this matter.

17.    Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is being filed within thirty (30) days of Coloplast's receipt of the initial pleading setting forth the claims for relief upon which this action is based.

18.    Promptly after filing this Notice of Removal in this Honorable Court, a copy of this Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in accordance with 28 U.S.C. § 1446(d).

19.    Copies of all process, pleadings and orders served upon Defendant, Coloplast, as of the time of this removal are attached hereto in accordance with 28 U.S.C. § 1446(a).  See Exhibits "A" and "B."

20.    Defendant, Coloplast, has provided written notice to Plaintiff's counsel contemporaneously with the filing of this Notice of Removal.

**WHEREFORE**, Defendant, Coloplast Corporation, respectfully requests that this action, currently docketed in the Court of Common Pleas of Philadelphia County, be removed to the United States District Court for the Eastern District of Pennsylvania.

**MARKS, O'NEILL, O'BRIEN**
**DOHERTY & KELLY, P.C.**

Joseph N. Bongiovanni, IV, Esquire
Attorney for Defendant,
Coloplast Corporation
Attorney I.D. Nos. 87484
1800 John F. Kennedy Boulevard, Suite 1900
Philadelphia, Pa. 19103
215-564-6688

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN STARKS<br>v.<br>COLOPLAST CORPORATION | CIVIL ACTION<br><br>NO. |

## CERTIFICATE OF SERVICE

I hereby certify that this 2ND day of July, 2013, a true and correct copy of

Defendant's Notice of Removal was served on all parties of record by first class mail, postage

prepaid.

MARKS, O'NEILL, O'BRIEN
DOHERTY & KELLY, P.C.

Isalene Johnson-Baptiste , Legal Assistant

Date: 7/2/13

COMMONWEALTH OF PENNSYLVANIA      :
                                     :     SS
                                     :
                                     :

COUNTY OF PHILADELPHIA                        :

### **AFFIDAVIT**

Joseph N. Bongiovanni, IV, Esquire, being duly sworn according to law deposes and says

that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his

knowledge, information and belief.


                                             _____
                                             Joseph N. Bongiovanni, IV, Esquire


Sworn to and Subscribed
before me this 2 day of
July , 2013.

_____
Notary Public


COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
STEVEN M. ROSE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires December 4, 2016

{PH662481.1}

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**MAY 2013**

E-Filing Number: 1305051721

**003765**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOHN STARKS | COLOPLAST CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6117 W. OXFORD STREET<br>PHILADELPHIA PA 19151 | 1601 WEST RIVER ROAD NORTH<br>MINNEAPOLIS MN 55411 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**

[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**

[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals

[ ] Settlement
[ ] Minors
[ ] W/D/Survival

**CASE TYPE AND CODE**

2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED**
**PRO PROTHY**

**MAY 31 2013**

**J. OSTROWSKI**

IS CASE SUBJECT TO
COORDINATION ORDER?

YES        NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:  <u>JOHN STARKS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JERRY LYONS | 1800 JOHN F.KENNEDY BLVD.<br>14TH FL<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)564-1800 | (215)564-5524 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 49543 | jlyons@jchaikenlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *JERRY LYONS* | Friday, May 31, 2013, 10:38 am |

FINAL COPY (Approved by the Prothonotary Clerk)

**JOSEPH CHAIKEN & ASSOCIATES, P.C.**
By: Jerry Lyons, Esquire, Attorney I.D. No. 49543
1800 John F. Kennedy Boulevard, Fourteenth Floor
Philadelphia, Pennsylvania 19103
(215) 564-1800

**MAJOR JURY MATTER**

**ATTORNEY FOR PLAINTIFF**

John Starks
6117 W. Oxford Street
Philadelphia, PA 19151

v.

Coloplast Corporation
1601 West River Road North
Minneapolis, MN 55411

May Term, 2013

No.

---

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, PA 19107**
**(215) 238-6333**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IN-MEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIATION DE LICENCIADOS DE FILADELFIA
SERVICIO DE REFERENCIA LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TYY: (215) 451-6197

Case ID: 130503765

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| John Starks<br>6117 W. Oxford Street<br>Philadelphia, PA 19151<br>v.<br>Coloplast Corporation<br>1601 West River Road North<br>Minneapolis, MN 55411 | May Term, 2013<br><br>No. |

## CIVIL ACTION

1. John Starks is an adult individual, Pennsylvania citizen, residing at the above captioned address.

2. Coloplast Corporation ("Coloplast") is a corporation which manufactures, produces, distributes, sells and otherwise places into the stream of commerce urological devices, including but not limited to the Coloplast Titan OTR Inflatable Penile Implant, and at all times material hereto, distributed, sold, warranted, manufactured and placed into the stream of commerce in Philadelphia, PA, a defective and malfunctioning Coloplast penile implant.

3. On or about March 15, 2010, Plaintiff John Starks was admitted to Hahnemann Hospital in Philadelphia where Bruce Garber, MD, surgically implanted Defendant's Coloplast Titan OTR Inflatable Penile Implant into his penis.

4. The penile implant was designed, manufactured, supplied, advertised, produced, warranted and otherwise placed into the stream of commerce in an unreasonably dangerous and hazardous condition by Defendant Coloplast.

5. The Coloplast implant was advertised, marketed, represented and warranted by Defendant to be of superior quality, and to be reliable for five years.

6. On or about January 25, 2012, the Coloplast penile implant stopped working, became

1

Case ID: 130503765

defective, malfunctioned, failed, leaked and otherwise would not operate.

7.  On January 25, 2012, Plaintiff's urologist Bruce Garber, MD, reported that the Coloplast penile implant "...malfunctioned due to a fluid leak."

8. On March 20, 2012, Plaintiff John Starks had to undergo another surgery, this time at Lankenau Hospital, to remove the Coloplast penile implant, and to have another penile device implanted.

9.  Surgeon Max Ahn, MD, identified the defect and malfunction and described it as "... a break in the tubing of the right corporal cylinder."

10. As a result of the Coloplast penile implant's defect, malfunction and failure, Plaintiff John Starks suffered permanent injuries including but not limited to: additional surgery to remove the implant and have a new one implanted; additional scar tissue; pain and suffering; loss of the pleasures of life, including but not limited to his sexual life; embarrassment and humiliation; medical bills; post-surgical pain; and impairments of body functions.

## COUNT I – Negligence v. Coloplast Corp.

11. Plaintiffs incorporate by reference ¶¶ 1 through 10.

12. Defendant was negligent and careless, and thereby caused the Plaintiff's injuries by:

   a. failing to use reasonable care in the design, manufacture, assembly, handling, inspecting, testing and sale of the inflatable penile implant, such that there was a break in the tubing of the right corporal cylinder;

   b. failing to use reasonable care in the design, manufacture, assembly, handling, inspecting, testing and sale of the inflatable penile implant, such that fluid leaked;

   c. failing to use reasonable care in the design, manufacture, assembly, handling,

2

Case ID: 130503765

inspecting, testing and sale of the penile implant such that it failed to operate or inflate;

d. failing to exercise reasonable care and to take adequate measures to inspect and test the penile implant for leaking fluid;

e. failing to exercise reasonable care and to take adequate measure to inspect and test the penile implant for broken tubing;

f. failing to exercise reasonable care and to take adequate measures to inspect and test the penile implant for continued operation and inflation;

g. designing, manufacturing, distributing, assembling, marketing and selling an unreasonably dangerous and malfunctioning implant, such that it leaked fluid;

h. designing, manufacturing, distributing, assembling, marketing and selling an unreasonably dangerous and malfunctioning implant, such that it did not operate or inflate;

g. designing, manufacturing, distributing, assembling, marketing and selling an unreasonably dangerous implant that lacked all elements necessary to make the penile implant safe;

h. failing to properly secure the tubing to the right corporal cylinder;

j. failing to test and inspect the penile implant prior to placing it into the stream of commerce;

k. failing to use proper tubing to avoid breaks or leaks;

l. failing to comply with state duties equal to, or substantially identical to, federal requirements;

m. failing to abide by and follow federal regulations such as identifying testing, inspections, adverse effects and other clinical and nonclinical information demonstrating

3

Case ID: 130503765

that the inflatable penile implant is safe;

n. manufacturing the implant using a process where validation activities were not completed;

o. using improper equipment in cylinders;

p. using inferior and improper tubing;

q. improperly boring suture holes on the inflatable penile implant; and

r. improperly designing and manufacturing the reservoir component.

13. As a direct and proximate result of the Defendants' negligence and carelessness, Defendants caused Plaintiff to suffer all of the aforementioned injuries and damages.

WHEREFORE, Plaintiff John Starks, demands trial by a jury of twelve persons, and judgment against the Defendant, and avers damages excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and costs.

### COUNT II - Strict Products Liability v. Coloplast Corp.

14. Plaintiffs incorporate by reference ¶¶ 1 through 13.

15. At all times material hereto, Defendants regularly engaged in the business of designing, manufacturing, distributing, assembling, testing, inspecting, selling and placing into the stream of commerce the penile implant.

16. Defendants manufactured, distributed, assembled, distributed, tested, inspected, sold and placed into the stream of commerce a penile implant which it defectively designed, unreasonably dangerous to the Plaintiff.

17. Defendants manufactured, distributed, assembled, distributed, tested, inspected, sold and

4

Case ID: 130503765

placed into the stream of commerce a penile implant which malfunctioned and was unreasonably dangerous to the Plaintiff.

18. Plaintiff used the penile implant in a reasonable, foreseeable and intended manner.

19. The injuries and damages sustained by Plaintiff were caused by the defective condition and manufacturing defect of the penile implant, including but not limited to:

> a. failure to include all elements necessary and reasonable to make the inflatable penile implant safe;
>
> b. manufacturing, distributing, assembling and selling an inflatable penile implant that malfunctioned;
>
> c. manufacturing, distributing, assembling and selling a inflatable penile implant that leaked and failed;
>
> d. manufacturing, distributing, assembling and selling an inflatable penile implant with a leak, that would not perform as it was intended to do so, within normal use;
>
> e. manufacturing, distributing, assembling and selling an inflatable penile implant that had inferior construction such that the tubing broke, failed and leaked; and
>
> f. manufacturing, distributing, assembling and selling an inflatable penile implant that allowed the fluid in the right cylinder to leak.

20. Defendant, by designing, manufacturing, distributing, assembling, marketing and selling, a defectively designed inflatable penile implant, caused Plaintiff's injuries and is strictly liable to the Plaintiff.

21. Defendant, by manufacturing, distributing, assembling, marketing and selling, a malfunctioning inflatable penile implant, caused Plaintiff's injuries and is strictly liable to the Plaintiff.

Case ID: 130503765

WHEREFORE, Plaintiff John Starks, demands trial by a jury of twelve persons, and judgment against the Defendant, and avers damages excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and costs.

### COUNT III - Breach of Warranties v. Coloplast Corp.

22. Plaintiffs incorporate by reference ¶¶ 1 through 21.

23. Defendant knew and had reason to know that the inflatable penile implant would be used for its intended purpose, and knew that their skill and judgment was being relied upon to furnish a suitable product, and was thus the basis of the sale of the inflatable penile implant to the Plaintiff.

24. Defendant gave Plaintiff express warranties under 13 Pa.CSA § 2313, and assured Plaintiff that the penile implant was in good, working condition, and of good materials.

25. The penile implant failed as a means to gain an erection, and thereby failed in its implied warranties and was not merchantable under 13 Pa.CSA § 2314.

26. The penile implant was not fit for its particular purpose as a means to gain an erection, and failed in its implied warranties of fitness for purpose under 13 Pa.CSA § 2315.

27. Defendants breached their warranties and caused Plaintiff's injuries by:

    a. affirming their product was free of defects and other nonconforming or substandard parts;

    b. manufacturing, distributing, marketing, assembling and selling a malfunctioning inflatable penile implant;

Case ID: 130503765

c. knowing that Plaintiff would rely on Defendant, providing Plaintiff with an inflatable penile implant that was not free of defects in workmanship and material;

d. providing an inflatable penile implant that was not fit for its ordinary purpose;

e. providing an inflatable penile implant that was not merchantable as such;

f. expressing warranting the penile implant would work a minimum of five years;

g. expressing warranting that a failed or malfunctioning penile implant would be replaced for a lifetime;

h. expressly warranting that the penile implant was dependable;

i. expressly warranting that the penile implant was reliable; and

j. expressly warranting that the penile implant would provide satisfaction to the Plaintiff.


WHEREFORE, Plaintiff John Starks, demands trial by a jury of twelve persons, and judgment against the Defendant, and avers damages excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and costs.


### COUNT IV - Breach of Contract v. Coloplast Corp.

28. Plaintiff incorporates by reference ¶¶ 1 through 27.

29. Plaintiff and Defendant had a bargained for contract in which Defendant promised to replace the penile implant throughout Plaintiff's lifetime.  (Exhibit A; Lifetime Replacement Contract)

30.  Plaintiff paid valuable consideration for the Coloplast penile implant and relied to his detriment on the representations of Coloplast.

31.  Defendant breached the contract and failed to replace the defective Coloplast penile implant.

32. As a result of Defendant's breach, Plaintiff incurred charges, costs, deductibles, medical

Case ID: 130303765

bills, and lost the benefit of his bargain.

WHEREFORE, Plaintiff John Starks, demands trial by a jury of twelve persons, and judgment against the Defendant, and avers damages excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and costs.

JOSEPH CHAIKEN & ASSOC., PC

JERRY LYONS, ESQUIRE
Attorney ID 49543
1800 JFK Boulevard, 14th Floor
Philadelphia, PA 19103
tel 215-564-1800   fax 215-564-5524
jlyons@jchaikenlaw.com
Attorney for Plaintiff

8

<u>**VERIFICATION**</u>

I, Jerry Lyons, Esquire, states that I am the Attorney for the Plaintiff in this action and verify that the facts upon which statements made in the foregoing pleading are based, to the best of my knowledge, information and belief, are true and correct.  The undersigned understand that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_____
**JERRY LYONS, ESQUIRE**

**DATED:** ___5/31/13_____



# STRAIGHT Talk
*about Erectile Dysfunction*

## patient guide

Bruce B. Garber, MD, FACS
8815 Germantown Ave., #34
Philadelphia, PA 19118
215-247-3082
www.garber-online.com

**Coloplast**



EXHIBIT

A

Case ID: 130503765

at an erection.
ry before the
dual recovery.

# Coloplast Titan® OTR Penile Implant

The Coloplast Titan® OTR inflatable penile implant is a self-contained, fluid-filled system made from Bioflex® and silicone. Bioflex is a supple, yet durable, biopolymer material.

Titan OTR penile implants consist of:

- A reservoir (placed in the abdomen)
- Two penile cylinders
- A pump

*Each part is connected by silicone tubing. The Titan OTR is MRI conditional\* and latex free.*

The Titan OTR inflatable penile implant offers a dependable method of restoring sexual function.

- It is the result of advanced engineering and medical research designed with the needs of its user in mind.
- It brings a new dimension to the reliability and control of the inflatable implant.
- It offers new hope to many men with E.D..
- It provides an option when other treatments are appropriate or have failed.

⚠ MR
MR Conditional

- Static magnetic field of 3 Tesla or less
- Spatial gradient field of 720 Gauss/cm or less.
- Maximum whole-body-averaged specification absorption rate (SAR) of 2W/kg for 15 minutes of scanning produced a temperature rise of less that 0.5°C.

perience the
f implants (the
produce a



# Coloplast Titan® and Alpha I® Penile Implants

**Patient satisfaction rates:**
Patient satisfaction rates of 98% have been demonstrated for the Alpha I® and Titan® penile implants in published journal articles[1].

**Mechanical reliability rates:**
Recent studies show the Coloplast Alpha 1 and Titan to have mechanical reliability rates of 97.5% at 5 years on first-time implants[2].

**Concealable:**
When implanted, the Coloplast Titan penile implant is not visibly noticeable. The penis appears relaxed and normal in the flaccid state, and it is not obvious by looking at a man that he has an implant.

**Lifetime replacement policy:**
Coloplast provides a lifetime replacement policy with all of its penile implants. Coloplast will replace the inflatable implant, or any component, for any reason during the lifetime of the patient.

# Titan® (

To Simulate a
To transfer the f
few times betwe

To Return to :
Fluid pressure i
enable fluid to r

To Achieve a
Squeeze the pe
If any problems
experienced, pl

Flacoid

Case ID: 130503765

# EXHIBIT B

**JOSEPH CHAIKEN & ASSOCIATES, P.C.**
ATTORNEYS AT LAW
1800 JOHN F. KENNEDY BOULEVARD
FOURTEENTH FLOOR
PHILADELPHIA, PA 19103

(215) 564-1800
(215) 564-5524 - FAX

RECEIVED
Coloplast Legal Department
By: _____
Date: 6/7/13

JOSEPH CHAIKEN
JERRY LYONS*
LEE S. BENDER**

*ALSO ADMITTED IN WASHINGTON, DC
**ALSO ADMITTED IN NEW JERSEY

NEW JERSEY OFFICE
5 SPLIT ROCK DRIVE
CHERRY HILL, NJ 08003
REPLY TO PHILADELPHIA OFFICE

May 31, 2013

*Via Certified Mail Return Receipt*

Coloplast Corporation
1601 West River Road North
Minneapolis, MN 55411
**Attn:  Claims Department**

RE:     John Starks v. Coloplast Corporation
        CCP Phila. May 2013, No.:  3765

Dear Sir/Madam:

Enclosed please find an e-filed copy of the Civil Action Complaint with regard to the above captioned matter.   Please be advised that the original has been filed with the Court of record. This is being served on you in accordance with the Pennsylvania Rules of Civil Procedure.

Please have your counsel call me upon receipt of these documents.

Thank you.

Very truly yours,

JOSEPH CHAIKEN & ASSOCIATES, P.C.

*KARAN BERWEILER*

_____
Karan Berweiler, Legal Assistant to
Jerry Lyons

JL/kb